UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN LAWTON,<br><br>        Plaintiff,<br><br>v.<br><br>DOVER MOTORSPORTS INC, DENIS MCGLYNN, HENRY TIPPIE, TIMOTHY HORNE, PATRICK BAGLEY, JEFFREY ROLLINS, MICHAEL TATOIAN, RADCLIFF HASTINGS, and ANASTASIA NARDANGELI,<br><br>        Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## BACKGROUND

1. This action stems from a proposed transaction announced on November 8, 2021 (the "Proposed Transaction"), pursuant to which Dover Motorsports, Inc ("Dover Motorsports" or the "Company") will be acquired by Speedway Motorsports, LLC ("Speedway").

2. On November 8, 2021, Dover Motorsports Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Speedway commenced a tender offer to purchase all of Dover Motorsports' outstanding common stock for $3.61 in cash per share (the "Tender Offer").

3.      On November 23, 2021, in order to convince Dover Motorsports' stockholders to tender their shares, defendants authorized the filing of a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC").

4.      The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

5.      In addition, the Tender Offer is scheduled to expire one-minute following 11:59 p.m., Eastern Time, on December 21, 2021 (the "Expiration Time").  It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the Expiration Time so they can properly determine whether to tender their shares.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

7.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.       Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C.

§ 78aa, as well as under 28 U.S.C. § 1391, because, among other things: (a) the conduct at issue will have an effect in this District; (b) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; and (c) certain defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District. Additionally, the Company's common stock trades on the NYSE, which is headquartered in this District.

## PARTIES

9. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Dover Motorsports common stock.

10. Defendant Dover Motorsports is a Delaware corporation and a party to the Merger Agreement. Dover Motorsports' common stock trades on the NYSE under the ticker symbol "DVD."

11. Defendant Denis McGlynn is President, Chief Executive Officer, and a director of the Company.

12. Defendant Henry Tippie is Chairman of the Board of the Company.

13. Defendant Timothy Horne is Chief Financial Officer and a director of the Company.

14. Defendant Patrick Bagley is a director of the Company.

15. Defendant Jeffrey Rollins is a director of the Company.

16. Defendant Michael Tatoian is a director of the Company.

17. Defendant Radcliffe Hastings is a director of the Company.

18. Defendant Anastasia Nardangeli is a director of the Company.

## SUBSTANTIVE ALLEGATIONS

19. Dover Motorsports is a promoter of NASCAR sanctioned and other motorsports events in the United States whose subsidiaries own and operate Dover International Speedway in Dover, Delaware, and Nashville Superspeedway near Nashville, Tennessee.

20. Speedway Motorsports is a marketer, promoter, and sponsor of motorsports entertainment in the United States.

21. On November 8, 2021, Dover Motorsports' Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Purchaser commenced the Tender Offer to acquire all of Dover Motorsport's outstanding common stock for $3.61 in cash per share.

23. According to the press release announcing the Proposed Transaction:

**CHARLOTTE, N.C. and DOVER, DE (Nov. 8, 2021)** – Speedway Motorsports, LLC ("Speedway Motorsports"), a leading marketer, promoter and sponsor of motorsports entertainment, and Dover Motorsports, Inc. (NYSE: DVD) ("Dover Motorsports") today announced that the companies have entered into a definitive agreement under which Speedway Motorsports has agreed to acquire Dover Motorsports for $3.61 per share in cash for an approximate total equity value of $131.5 million. The transaction was announced today by Speedway Motorsports President and CEO Marcus Smith and Dover Motorsports President and CEO Denis McGlynn.

Under the terms of the merger agreement, Speedway Motorsports, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Dover Motorsports. The offer price represents a 58.3% premium to the closing stock price on November 8, 2021. All Dover Motorsports stockholders will receive the same per share consideration in the transaction. The holders of approximately 57.5% of the total aggregate shares of Dover Motorsports, or 92% of the voting power, have agreed to tender their shares subject to the terms of a tender and support agreement.

*\*\*\**

The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the voting power of all outstanding shares of Dover Motorsports, receipt of applicable approvals and

4

certain other conditions. Upon the successful completion of the tender offer, Speedway Motorsports' acquisition subsidiary will be merged into Dover Motorsports, and any remaining shares of Dover Motorsports stock will be cancelled and converted into the right to receive the price per share payable in the tender offer.

24. The Offer Price is unfair because, among other things, the intrinsic value of the Company is in excess of the amount the Company's stockholders will receive in connection with the Tender Offer.

25. It is therefore imperative that the Company's common stockholders receive the material information that defendants have omitted from the Solicitation Statement so that they can meaningfully assess whether to tender their shares.

26. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

27. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

28. First, the Solicitation Statement entirely omits the Company's financial projections.

29. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

30. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Raymond James & Associates, Inc ("Raymond James").

31. With respect to Raymond James' *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) discounted present value of the Company's projected free cash flows for the years ending December 31, 2022 through 2024; (ii) projected free cash flows. (iii) basis for applying perpetuity growth rates ranging from 2.5% to 3.5%; (iv) the individual inputs and assumptions underlying the exit multiples, ranging from 7.2x to 9.2x; (v) the derived ranges of terminal values for the Company in 2024, (vi) basis for applying the discounting rates from 13.0% to 14.0%, and (vii) weighted average after-tax cost of debt and equity capital.

32. The omission of the above-referenced material information renders the Solicitation Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

36. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

37. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

38. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

39. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

40. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

42. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

43. Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

44. Plaintiff has no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein

46. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

47. Rule 14d-9(d) states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

48. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

49. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

50. The omissions in the Solicitation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

51. Plaintiff has no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants)**

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants acted as controlling persons of IEC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of IEC and participation in and/or awareness of the Company's operations and/or

intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

56. Individual Defendant also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

57. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

59. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

60. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 6, 2021        **MOORE KUEHN, PLLC**
                               */s/Justin Kuehn*
                               Justin A. Kuehn
                               Fletcher W. Moore
                               30 Wall Street, 8th floor
                               New York, New York 10005
                               Tel: (212) 709-8245

jkuehn@moorekuehn.com
fmoore@moorekuehn.com
*Attorneys for Plaintiff*